[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT AND FOR ATTORNEY'S FEES (FILED MAY 10, 1993)
Verdicts returned by the jury included (1) Plaintiffs' Verdict for Breach of Contract, in favor of South Seas of New Haven, Inc., in the amount of $254,000.00; (2) Plaintiffs' Verdict for Breach of the Duty of Good Faith and Fair Dealings, in favor of Wayne and Susan Eng, in the amount of $71,000.00; and (3) Plaintiffs' Verdict in favor of Susan Eng and Wayne Eng on Unfair Trade Practice Claim, in the amount of $52,000.00.
Plaintiffs' contract with their attorney provided for the attorneys to retain one-third of any amount recovered.
Plaintiffs have waived any claim to the verdict in favor of South Seas of New Haven, Inc., in the amount of $3,000.00 for Breach of the Duty of Good Faith and Fair Dealings. The parties stipulated that $11,000.00 may be deducted from the verdicts recorded in lieu of a counterclaim verdict.
Awards of attorneys' fees are usually based on contract or statute. Punitive damages are not ordinarily recoverable for breach of contract. The jury found punitive damages appropriate in this case on the factual predicate of a breach of the duty of good faith and fair dealings (Interrogatory 11).
The instructions to the jury stated:
 "With respect to the duty of good faith and fair dealings the plaintiffs have also sought punitive damages for the breach of this obligation. If you find that the defendants did breach this duty you are instructed that while punitive damages are generally not available in an ordinary breach of contract case they might be available if you find CT Page 6707 that the defendants' actions were motivated by bad faith. In this case, should you find that there was a breach of this duty of good faith and fair dealings you should evaluate whether the plaintiffs have also proven a wreckless indifference on the part of the defendant or an intentional and wanton violation of these rights. In other words, was the breach of this duty aggravated by particularly egregious conduct on the part of the defendants. Should you find that punitive damages are appropriate the amount of such damages will be set by the Court."
L. F. Pace Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30,47 (1986).
Judgment may enter for the plaintiff South Seas of New Haven, Inc., against the defendants in the amount of $254,000.00 on the Breach of Contract count.
Judgment may enter for the plaintiffs Wayne and Susan Eng against the defendants in the amount of $71,000.00, plus punitive damages of $23,667.00 on the Breach of the Duty of Good Faith and Fair Dealings count.
Judgment may enter for the plaintiffs Susan Eng and Wayne Eng against the defendants in the amount of $52,000.00, plus punitive damages[1] of $17,333.00, plus attorneys' fees[2] of $17,333.00 on the CUTPA count. Ford v. Blue Cross Blue Shield of Conn., 216 Conn. 40, 64 (1990).
Taxable costs are awarded to plaintiffs.
John N. Reynolds State Trial Referee